**Heather WALLACE, a minor by her mother and next friend Phyllis WALLACE, Plaintiff,**

**v.**

**BATAVIA SCHOOL DISTRICT 101 and James Cliffe, Defendants.**

**No. 93 C 4329.**

United States District Court, N.D. Illinois, Eastern Division.

Nov. 21, 1994.

Leonard J. Wojtecki, Scott Courtin, Truemper, Hollingsworth, Wojtecki, Courtin & Ruddy, Aurora, IL, for plaintiff.

Julian Schumacher Gran, Klein, Thorpe & Jenkins, Ltd., Chicago, IL, Peter K. Wilson, Jr., Mickey, Wilson, Weiler & Renzi, Aurora, IL, John Tood Faulkner, Franczek, Sullivan, Mann, Crement, Hein, Relias, P.C., Chicago, IL, for defendants.

### MEMORANDUM OPINION AND ORDER

HART, District Judge.

At the time this litigation commenced, plaintiff Heather Wallace, a minor, had just completed her junior year at Batavia High School. Plaintiff, through her mother and next friend, Phyllis Wallace, alleges that defendant James Cliffe, a teacher at Batavia High, deprived plaintiff of her Fourth and Fourteenth Amendment rights under the United States Constitution when Cliffe attempted to forcibly eject her from his classroom on September 22, 1993. Batavia School District Number 101 has been named as a

defendant for alleged failure to discipline and train Cliffe, thus depriving plaintiff of her constitutional rights. Plaintiff has also raised a state law claim of battery against both defendants. Defendants' motion for summary judgment is currently pending.

Summary judgment is appropriate only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Selan v. Kiley,* 969 F.2d 560, 564 (7th Cir. 1992). Summary judgment will be denied where there is a genuine issue of material fact such that a reasonable jury could find for the nonmovant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248–50, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986). When considering a motion for summary judgment, the entire record must be reviewed, drawing all reasonable inferences from the record in the light most favorable to the non-moving party. *Cornfield by Lewis v. School Dist. No. 230,* 991 F.2d 1316, 1320 (7th Cir.1993). Factual disputes must be resolved in favor of the nonmovant. *Eastman Kodak Co. v. Image Technical Services, Inc.,* —— U.S. ——, ——, 112 S.Ct. 2072, 2077, 119 L.Ed.2d 265 (1992).

The burden of establishing the lack of any genuine issue of material fact rests with the movant. *Jakubiec v. Cities Service Co.,* 844 F.2d 470, 473 (7th Cir.1988). The nonmovant, however, must make a showing sufficient to establish any essential element for which it will bear the burden of proof at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The non-moving party cannot rest on the pleadings alone, but must identify specific facts to establish that there is a genuine triable issue. *Cornfield,* 991 F.2d at 1320. The party must do more than simply "show there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). It is not sufficient to show evidence of purportedly disputed facts if those facts are not plausible in light of the entire record. *See Covalt v. Carey Canada, Inc.,* 950 F.2d 481, 485 (7th Cir.1991); *Collins v. Associated Pathologists, Ltd.,* 844 F.2d 473, 476–77 (7th Cir.), *cert. denied,* 488 U.S. 852, 109 S.Ct. 137, 102 L.Ed.2d 110 (1988).

■ Resolving all factual disputes in favor of plaintiff, the non-movant, yields the following series of events.[1] Wallace was enrolled in James Cliffe's co-op class during the fall of 1993. On September 22, 1993, Wallace entered Cliffe's classroom and began to talk to her friends. Cliffe entered the classroom after the bell rang and told the students to continue working on an assignment; Cliffe then left the room. Wallace and another student, Kim Fairchild, became engaged in a shouting match. Cliffe reentered the classroom and told the girls to sit down. Wallace did so, but Fairchild began to walk toward Wallace and tried to hit her. Cliffe intervened and stood between the two girls. Cliffe told Wallace to leave the classroom.

According to Wallace she was leaving slowly, but apparently not fast enough for Cliffe, who then reached over a desk and grabbed Wallace's left wrist and right elbow. In the process, Wallace tripped over a chair and a desk. Cliffe tugged at Wallace, telling her to "come on;" she refused to move for a short time. Cliffe then released Wallace's elbow and she left the room. Plaintiff went to the nurse's office where she was treated with icepacks for soreness to her wrist and elbow.

Plaintiff alleges that defendants are liable pursuant to 42 U.S.C. § 1983 for violating her Fourth Amendment right to be free from unreasonable seizures and her Fourteenth Amendment right to be free from the use of excessive force against her. 42 U.S.C. § 1983 provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom or usage, of any State or Territory or the District of Columbia, subjects, or causes to be

---

1. Defendants did not provide a statement of undisputed facts as required under Local Rule 12M. Although failure to provide such a statement can be grounds for dismissal, defendants' failure to follow procedure is not fatal here because the facts in this case are fairly straightforward. Defendants provided a detailed enumeration of facts to which plaintiffs were able to respond. Consequently, the points of dispute are clear. Defendants are admonished, however, to comply with all local rules henceforth.

subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

■ Defendants do not deny that their actions were conducted under color of state law. They dispute, however, whether their alleged conduct deprived plaintiff of any right, privilege, or immunity secured by the Constitution. Not every state law tort becomes a federally cognizable constitutional tort under § 1983 simply because it was committed by a state actor. *Baker v. McCollan,* 443 U.S. 137, 146, 99 S.Ct. 2689, 2695–96, 61 L.Ed.2d 433 (1979), *Wise v. Pea Ridge School Dist.,* 855 F.2d 560, 565 (8th Cir.1988). Consequently, the initial inquiry must be whether the alleged actions, if taken as true, deprived plaintiff of her Fourth or Fourteenth Amendment rights.

■ Despite plaintiff's attempts to characterize the classroom incident as a seizure in which excessive force was used, her Fourth Amendment claim has no merit. Excessive force claims brought under § 1983 are not governed by a single generic standard. *Graham v. Connor,* 490 U.S. 386, 393–94, 109 S.Ct. 1865, 1870–71, 104 L.Ed.2d 443 (1989). Instead, the specific constitutional right allegedly infringed by the challenged application of force must be identified. *Id.* The Fourth Amendment protection against unreasonable seizures in excessive force cases applies only where a law enforcement officer engages in excessive force during the course of an arrest. *Id.* at 394–95 & n. 10, 109 S.Ct. at 1870–71 & n. 10. Plaintiff's reliance on *New Jersey v. T.L.O.,* 469 U.S. 325, 105 S.Ct. 733, 83 L.Ed.2d 720 (1985), is misplaced because that case examines the rights of students in conjunction with searches conducted by school officials on school grounds. The application of the Fourth Amendment in that context does not extend Fourth Amendment protection to all cases involving school officials acting under the color of state law. Although plaintiff was momentarily seized, this kind of *de minimus* seizure does not rise to the level of a Fourth Amendment violation.[2]

■ Plaintiff also argues that her substantive due process rights under the Fourteenth Amendment have been violated. Plaintiff relies only on police brutality cases to substantiate her claim, ignoring the more relevant case law on corporal punishment. A claim of excessive force by a school official is properly considered under the line of cases addressing school corporal punishment. *See Wise v. Pea Ridge School Dist.,* 855 F.2d 560 (8th Cir. 1988); *Metzger By and Through Metzger v. Osbeck,* 841 F.2d 518 (3rd Cir.1988); *Hall v. Tawney,* 621 F.2d 607 (4th Cir.1980). At the time Cliffe grabbed Wallace, he was attempting to avert a fight between two students. His use of physical force to guide a student away from a potentially dangerous situation is governed by the disciplinary code of the school.[3]

---

**2.** School disciplinary actions frequently involve some form of physical contact, but every effort to physically restrain or direct a student does not constitute a seizure in the constitutional sense.

**3.** Batavia Public School District # 101, School Board Policy Manual, Document 715.03 states:
*DISCIPLINE–Corporal Punishment*
There shall be no corporal punishment of student [sic] in District schools. Corporal punishment is defined as inflicting physical pain or restraints upon a student in order to punish him/her for misconduct.
*Classroom teachers and other staff members* also shall refrain from using disciplinary methods which may be psychologically damaging to children such as ridicule, excessive display of temper, etc.

Physical restraint may be used when necessary to protect the student or other individuals and/or property from physical harm.
(Plaintiff's Group Exhibit "B").
The teacher handbook contains the following:
V. *STUDENT SUPERVISION AND INFORMATION*
A. ...
9. *Use of physical force in discipline situations is acceptable only (1) in self defense or (2) to protect a student(s).* If a student refuses a reasonable request, i.e. "sit down in your seat," an instructor may guide the student in the direction of the request. If the student refuses such guidance, then he or she is to be referred to the Assistant Principal/Student Services.

Although this case does not involve discipline in the sense ordinarily associated with corporal punishment, it nonetheless falls within that line of cases because it requires an evaluation of the use of force in a school disciplinary setting. *See Thrasher v. General Cas. Co. of Wisconsin,* 732 F.Supp. 966, 968 (W.D.Wis.1990).

■ Neither plaintiff nor defendants adequately address the standard to be applied in corporal punishment cases. While school corporal punishment implicates a constitutionally protected liberty interest under the Fourteenth Amendment, it is not *per se* unconstitutional. *Ingraham v. Wright,* 430 U.S. 651, 672, 97 S.Ct. 1401, 1413, 51 L.Ed.2d 711 (1977). Instead, a disciplinary action which is arbitrary, capricious, and wholly unrelated to the legitimate state goal of maintaining an atmosphere conducive to learning may violate the liberty interests protected by the Fourteenth Amendment. *Fee v. Herndon,* 900 F.2d 804, 808 (5th Cir.), *cert. denied,* 498 U.S. 908, 111 S.Ct. 279, 112 L.Ed.2d 233 (1990). The *Ingraham* Court specifically declined to address the circumstances in which school corporal punishment violates substantive due process rights, 430 U.S. at 659 n. 12, 97 S.Ct. at 1406 n. 12, but circuit courts have subsequently held that substantive due process is violated only where the punishment inflicted was so "grossly excessive as to be shocking to the conscience." *Garcia by Garcia v. Miera,* 817 F.2d 650, 655 (10th Cir. 1987), *cert. denied,* 485 U.S. 959, 108 S.Ct. 1220, 99 L.Ed.2d 421 (1988).

■ The Seventh Circuit has not set forth a test for evaluating substantive due process claims in corporal punishment cases. *See Thrasher,* 732 F.Supp. at 970. The majority of the circuits that have decided the issue tend to follow the standard first articulated by the Fourth Circuit in *Hall v. Tawney,* 621 F.2d 607 (4th Cir.1980). The *Hall* court stated:

As in the cognate police brutality cases, the substantive due process inquiry in school corporal punishment cases must be whether the force applied caused injury so severe, was so disproportionate to the need presented, and was so inspired by malice or sadism rather than a merely careless or unwise excess of zeal that it amounted to a brutal and inhumane abuse of official power literally shocking to the conscience.

*Hall,* 621 F.2d at 613; *see also Metzger,* 841 F.2d at 520. The Eighth Circuit has refined this standard, adopting a four-part test for evaluating substantive due process violations in this context. To determine whether a school official's actions rise to the level of a constitutional violation, the court should consider:

(1) The need for application of corporal punishment;

(2) The relationship between the need and the amount of punishment administered;

(3) The extent of injury inflicted;

(4) Whether the punishment was administered in a good faith effort to maintain discipline or maliciously and sadistically for the very purpose of causing harm.

*Thrasher,* 732 F.Supp. at 970, *citing Wise v. Pea Ridge School District,* 855 F.2d at 564.

This standard adequately addresses the need to evaluate corporal punishment actions within the full context of the circumstances surrounding the event. In this case, plaintiff was not punished in any formal sense; instead defendant Cliffe may have used excessive force in his effort to eject her from the classroom. Given the very limited nature of the disciplinary action taken, as well as the speed with which defendant was required to evaluate the situation in his classroom, plaintiff's claim can only rise to the level of a constitutional violation if it is grounded in evidence of malicious or sadistic purpose.

■ Plaintiff alleges that Cliffe's "use of force against her was intended to punish her and it shocks the conscience." But this is the extent of plaintiff's argument. Plaintiff's own testimony indicates that she was told to leave the classroom, that she was walking slowly out of the classroom, and that she supposed "I wasn't moving fast enough for

Use of corporal punishment in any form (push-ups, laps) is strictly prohibited by school board policy.

(Plaintiff's Group Exhibit "B").

him," at which point he grabbed her elbow and wrist. Plaintiff's injuries appear to have resulted as much from falling into a chair and over a desk as from defendant Cliffe's grasp. Defendant may have been careless, he may have been overzealous, but plaintiff has presented no evidence that his effort to eject her from the classroom was inspired by malicious or sadistic intent. In fact, plaintiff appears to believe that defendant's actions stemmed from his conviction that she wasn't moving fast enough. Although questions of intent are generally best left for a jury, *see Metzger,* 841 F.2d at 521, where, as here, no evidence has been presented regarding intent, no reasonable jury could find that plaintiff's substantive due process rights were violated. Consequently, plaintiff's Fourteenth Amendment claim is also without merit.

Because plaintiff has failed to raise any issues of material fact that implicate her constitutional rights, the § 1983 claims against defendants Cliffe and Batavia School District 101 will be dismissed.

■■■■ In the alternative, the § 1983 claim against Cliffe would have to be dismissed because Cliffe is entitled to qualified immunity. Under the doctrine of qualified immunity, a public official performing discretionary functions is protected against suit from damages unless the official's conduct violates a clearly established statutory or constitutional right. *Cornfield by Lewis v. School Dist. No. 230,* 991 F.2d 1316, 1323 (7th Cir.1993). The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. *Id.,* 991 F.2d at 1324, citing *Anderson v. Creighton,* 483 U.S. 635, 640, 107 S.Ct. 3034, 3039, 97 L.Ed.2d 523 (1987). Under the circumstances, Cliffe could not be held to a constitutional standard which has not yet been addressed by the Supreme Court or adopted by the Seventh Circuit. Because the incident in question is outside the usual scope of corporal punishment, and clearly within the bounds of the school disciplinary code, it would be unreasonable to expect defendant Cliffe to know that his actions might constitute a constitutional violation.

Similarly, the § 1983 claim against Batavia School District 101 would also have to be dismissed because plaintiff has failed to show that a custom or policy of using excessive force to restrain students exists, as required under the standard for public entity liability established in *Monell v. Dept. of Social Services of New York,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1980). Plaintiff also fails to show that any failure to train or discipline Cliffe rises to a level of "deliberate indifference" to the rights of students. *Cornfield,* 991 F.2d at 1327. The evidence presented by plaintiff raises no genuine issue of material fact on this point.

Although plaintiff's constitutional claims lack merit, plaintiff's state law claims of battery are not resolved. However, no evidence exists to support plaintiff's contentions that defendant Cliffe violated her constitutional rights.

IT IS THEREFORE ORDERED that defendants' motion for summary judgment [25] is granted. The Clerk of the Court is directed to enter judgment in favor of defendants and against plaintiff, dismissing plaintiff's federal cause of action with prejudice and plaintiff's state law cause of action without prejudice for lack of subject matter jurisdiction.